**Ruby LASTER, et al., Plaintiffs,**

v.

**The CELOTEX CORPORATION, et al., Defendants.**

**No. C–1–83–103.**

United States District Court, S.D. Ohio, W.D.

July 18, 1984.

John A. Lloyd, Cincinnati, Ohio, for plaintiffs.

Michael D. Eagen, Douglas Rennie, Cincinnati, Ohio, John H. Burtch, Columbus, Ohio, for defendants.

### ORDER DENYING MOTIONS TO TAKE JUDICIAL NOTICE

CARL B. RUBIN, Chief Judge.

This matter is before the Court pursuant to plaintiffs' pretrial Motion to Take Judi-

cial Notice of Asbestosis (doc. no. 28) and Motion to Take Judicial Notice of Mesothelioma (doc. no. 29). For the reasons that follow, the motions are denied.

Plaintiff Laster alleges that Chester Laster contracted pleural mesothelioma as a result of his exposure to and inhalation of asbestos dust and fibers while he was employed at the Philip-Carey/Celotex Plant from 1929 through 1970. The plaintiffs have moved under Rule 201, Federal Rules of Evidence, that the Court take judicial notice "of the fact that asbestosis is a disease which is caused by the inhalation of asbestos dust and fibers." (Doc. No. 28). A bibliography as well as a proposed jury instruction were attached. The instruction stated "that inhalation of asbestos fibers and asbestos dust is the cause of the medical condition known as asbestosis." (*Id.*).

█ Rule 201 provides in pertinent part:

(a) This rule governs only judicial notice of adjudicative facts.

(b) A judicially noted fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

.    .    .    .    .

(d) A court shall take judicial notice if requested by a party and supplied with the necessary information.

Fed.R.Evid. 201. At the outset it is acknowledged that federal not state law is applicable to this inquiry. *Gallup v. Caldwell*, 120 F.2d 90, 94 (3d Cir.1941); *Baltimore & O.R. Co. v. Reaux*, 59 F.Supp. 969, 975 (N.D.Ohio 1945). In this particular context, "Rule 201 relates to medical facts not subject to reasonable dispute." *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 347 (5th Cir.1982). Clearly, the facts pertaining to whether asbestosis and mesothelioma are caused by exposure to asbestos are "adjudicative facts" under Rule 201. *See United States v. Gould*, 536 F.2d 216, 219 (8th Cir.1976). Because the physi-cal, chemical and physiological properties of asbestos fibers and dust are not "generally known" within the territorial jurisdiction of this Court, subsection (b)(1) of Rule 201 is inapplicable.

The defendant challenges the accuracy of the statement as phrased by the plaintiff because its implication that asbestos causes asbestosis regardless of the physical characteristics of the fiber and the length of exposure. This point is well taken. There are a number of conditions that must be evaluated before it can be stated with any degree of medical certainty that asbestosis will be induced by the inhalation of asbestos fibers and dust. *See e.g.*, Frank, *Asbestosis*, 4A Attorneys' Textbook of Medicine § 205C–13 (R. Gray ed., 3d ed. 1984) (asbestos "dust particles must be less than 100 micra in size" to be inhaled); Califano, Appendix to *Asbestos Law: Victim's Rights and Industry Reaction*, 330 Annals N.Y. Acad.Sci. 266, 268 (1979) ("[t]he Surgeon General advises me that clinical experience indicates a person who smokes and has been exposed to asbestos faces a greater risk of developing asbestosis and of dying from a respiratory ailment that [sic] an asbestos exposed individual who does not smoke."); Irwig, *Risk of Asbestosis in Crocidolite and Amosite Mines in South Africa, id.* at 43–45 ("The prevalence of parenchymal abnormality is not predicted by race or asbestos type but, in addition to age and duration of exposure, is predicted by the fiber concentration to which workers are exposed. This prediction applies to short fibers and less significantly to long fibers."); Anderson, *Asbestosis Among Household Contacts of Asbestos Factory Workers, id.* at 397. "It is important to note that many people exposed to asbestos—perhaps a majority—suffer no apparent ill effects." Richmond, 330 Annals N.Y.Acad.Sci. at 270.

█ The Court finds that the conditions under which a person may contract asbestosis are subject to reasonable dispute and not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Taking

judicial notice that the inhalation of asbestos *may* cause asbestosis under certain conditions would have no appreciable impact on the length of expert testimony in this case.

Turning to the next issue, the plaintiff requests that the Court take judicial notice of "the fact that mesothelioma is a disease which is caused by the inhalation of asbestos dust and fibers." (Doc. No. 29). Attached to the memorandum are a bibliography and a proposed jury instruction, which states "that inhalation of asbestos fibers and asbestos dust is the cause of the medical condition known as mesothelioma." (*Id.* ).

In *Non-Asbestos Related Malignant Mesothelioma: A Review*, the authors acknowledge that while there have been reports finding a link between asbestos inhalation and mesothelioma, there have been other "excellent review articles that indicate a less clear association between asbestos exposure and mesothelioma." (Doc. No. 32, Exhibit 1 at 2). Other hypothesized agents for the induction of mesothelioma include fibrous glass, plastics, thorium dioxide and other chemicals, radioactivity, viruses and nickel. (*Id.* at 11); Frank at § 205C–20 ("Zeolites have been associated with the development of mesotheliomas in man. Changes in the pleura caused by asbestos ... have not been found useful to date as predicators of the development of mesothelioma."). "[S]ufficient evidence exists to suggest that non-asbestos agents can induce malignant mesotheliomas in man." (Doc. No. 32, Exhibit 1 at 1).

■ Because there is no consensus on the etiology of mesothelioma, the Court finds that the proposed fact, "asbestos is the cause of mesothelioma," is subject to reasonable dispute by the medical community and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. This holding is consistent with the decision of *Hardy*, wherein the Court found judicial notice of the fact that asbestos causes cancer inappropriate because the facts were subject to reasonable dispute. 681 F.2d at 347–48 ("[t]he proposition that asbestos causes cancer, because it is inextricably linked to a host of disputed issues—e.g., can mesothelioma arise without exposure to asbestos ...."). Accordingly, the plaintiffs' Motion to Take Judicial Notice of Mesothelioma (doc. no. 29) is **DENIED.**

The plaintiffs' Motion to Take Judicial Notice of Asbestosis (doc. no. 28) and Motion to Take Judicial Notice of Mesothelioma (doc. no. 29) are each **DENIED.**

**IT IS SO ORDERED.**